UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MCKINLEY KELLY,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0206 AS |
| | ) | |
| **CECIL DAVIS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 11, 2005, *pro se* petitioner, McKinley Kelly, an inmate at the Indiana State Prison in Michigan City, Indiana (ISP), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 2, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on October 5, 2005, which this Court has carefully examined. The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district.

For starters, it helps to cite and examine *Kelly v. State*, 719 N.E. 2d 391 (Ind. 1999), an opinion by Justice Sullivan concurred in by the other justices of the Supreme Court of Indiana. Additionally, this court would cite and incorporate herein by reference an unpublished memorandum decision of the Court of Appeals of Indiana entered September 15, 2004, authored by Judge Baker and concurred in by Judges Kirsch and Robb. For the

immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein. The facts found by the two highest courts in Indiana as reflected in the aforesaid opinions must be presumed correct under 28 U.S.C. §2254(e)(1), unless that presumption of correctness is rebutted by clear and convincing evidence. The record in this case fails to demonstrate the same.

Following the opinion by the Court of Appeals of Indiana on September 15, 2004, the Supreme Court of Indiana denied transfer on December 9, 2004. Thus, there has been compliance with the demands of *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). The Attorney General of Indiana raises a question with regard to the applicability of the statute of limitations codified in 28 U.S.C. §2244(d)(1) of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2244(d)(1). *See also Artuz v. Bennett*, 531 U.S. 4 (2000). The filing date of this petition is April 11, 2005, and this petitioner is entitled to the benefits, if any, of *Houston v. Lack,* 487 U.S. 266 (1988). This petitioner's conviction was final on June 6, 2000 when the time for seeking certiorari to the Supreme Court of the United States expired. *See Griffith v. Kentucky*, 479 U.S. 314 (1987). This petitioner had until June 7, 2001 to file for relief under 28 U.S.C. §2254. This is after the effective date of the AEDPA which with a judicial grace period was final on April 24, 1997. *See Newell\ v. Hanks,* 283 F.3d 827 (7th Cir. 2002). This court does not conceive that some way or other there is a tolling available here. Most recently, *see Pace v. DiGugliemlo*, *Supt.*, __ U.S. __, 125 S.Ct. 1807 (April 27, 2005). There was a filing here in the state trial court for post-

2

conviction relief on March 14, 2001, and by that time 281 days had elapsed.  The aforesaid post-conviction appeal was concluded on December 9, 2004, and another 123 days had lapsed before the filing of this petition under Title 28 U.S.C. §2254.  This totals to 404 days of delay, and if the teaching of *Newell* is to be believed, that is enough to apply 28 U.S.C. §2244, which the court now does.

For these reasons, the petition for relief under 28 U.S.C. §2254 is now **DENIED**.  **IT IS SO ORDERED**.

DATED:  October 11, 2005

                                           S/ ALLEN SHARP
                                   **ALLEN SHARP, JUDGE**
                                   **UNITED STATES DISTRICT COURT**