UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MCCKINLEY KELLY, | ) |
| | ) |
| Petitioner, | ) |
| | )  Cause No. 3:05-CV-206 AS |
| vs. | ) |
| | ) |
| CECIL DAVIS, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**OPINION AND ORDER**

On October 27, 2005, Mr. Kelly filed a Petition for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified the Barefoot standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Kelly's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Kelly's direct appeal was affirmed by the state supreme court on November 18, 1999. That conviction became final on June 6, 2000,

after his request for rehearing was denied and the time to appeal to the Supreme Court passed. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Kelly had one year from the "expiration of the time for seeking (direct) review" to file his habeas petition, or until June 6, 2000. On March 14, 2001, Mr. Kelly filed a petition for post conviction relief. Mr. Kelly had let 281 days lapse. The post conviction proceedings concluded on December 9, 2004. Thus, his petition filed April 11, 2005 was too late because another 123 days had lapsed for a total of 404 days, over one year.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby DENIED because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed *in forma pauperis*. Because Mr. Kelly's petition was dismissed as untimely and he makes no assertion that it is timely, this appeal is not taken in good faith because it has no merit. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000). Accordingly, the motion to proceed *in forma pauperis* is **DENIED**.

    SO ORDERED.
    ENTERED: November 15, 2005

                                         S/ ALLEN SHARP
                                         ALLEN SHARP, JUDGE
                                         UNITED STATES DISTRICT COURT